UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| WILLIAM JONATHAN PENNINGER and ) | |
| LISA MARIE PENNINGER, ) | Case No. 10-52061 |
| ) | |
| ) | Chapter 7 |
| Debtors. ) | |
| _____ ) | |

**MEMORANDUM OPINION**

On February 1, 2011, the United States Bankruptcy Administrator (the "BA") filed a motion (the "Motion") seeking to have this case dismissed pursuant to Section 707(b)(1) and (b)(3) of the Bankruptcy Code on grounds that the case constitutes an abuse of the provisions of Chapter 7. On May 17, 2011, a final hearing was held in the matter. Robert E. Price, Jr. appeared on behalf of the BA, and Robert F. McLaughlin appeared on behalf of the Debtors.

During the hearing, the Debtors argued that the "means test" of Section 707(b) should be applied only at the date of petition and that the circumstances that existed on the petition date control. At the end of the hearing, the Debtors acknowledged that if the Court considers the changes in the Debtors' circumstances that occurred after they filed their bankruptcy, as the BA argued, then the Motion should be granted. The Debtors conceded that if their case had been filed on the date of the hearing, then their Chapter 7 would have been abusive. The Court took the matter under advisement and allowed the parties to file supplemental briefs on this issue, which both parties did on June 17, 2011. Because the Court concludes that post-petition changes in the Debtors' circumstances may be considered in the context of a motion to dismiss pursuant to Section 707(b), including the circumstances that exist on the date of the hearing, the Court will grant the Motion.

1

## I. JURISDICTION

The Court has jurisdiction over the subject matter of this proceeding pursuant to 28 U.S.C. §§ 151, 157 and 1334, and Local Rule 83.11 of the United States District Court for the Middle District of North Carolina.  This is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2)(A), which this Court has the jurisdiction to hear and determine.

## II. DISCUSSION

On October 29, 2010, the Debtors filed their Chapter 7 bankruptcy petition.  At the time of filing, the Debtors' Schedule J showed monthly net income of $408.  However, by the time of the hearing in May, the Debtors' monthly net income had increased to $1,407, and it was uncontested that this amount of disposable income would be sufficient to pay a 100 percent dividend to unsecured creditors in a Chapter 13 case.

Section 707(b)(1) provides that "[a]fter notice and a hearing, the court . . . may dismiss a case filed by an individual debtor under this chapter whose debts are primarily consumer debts . . . if it finds that the granting of relief would be an abuse of the provisions of this chapter." 11 U.S.C. §707(b)(1). Section 707(b)(2)(A)(I) provides a presumption of abuse if a numerical test is met.  If not, then Section 707(b)(3) provides two alternative bases for finding abuse—if the debtor filed the petition in bad faith, or if the totality of the circumstances of the debtor's financial situation demonstrates abuse.  11 U.S.C. § 707(b)(3).  The Motion sought to have the case dismissed under subsections (1) and (3) of Section 707(b).

In determining whether to dismiss a case under the totality of the circumstances analysis, a court should consider the debtor's ability to repay his or her debts, as well as review the following factors: (1) whether the bankruptcy petition was filed because of sudden illness, calamity, disability or unemployment; (2)  whether the debtor incurred cash advances and made consumer purchases far in

excess of his ability to repay; (3) whether the debtor's proposed family budget is excessive or unreasonable; (4) whether the debtor's schedules and statement of current income and expenses reasonably and accurately reflect the debtor's true financial condition; and (5) whether the petition was filed in good faith. Green v. Staples (In re Green), 934 F.2d 568, 572 (4th Cir. 1991); In re Crink, 402 B.R. 159, 170-76 (Bankr. M.D.N.C. 2009). The Fourth Circuit also stated "that the majority of the cases hold that the debtor's ability to repay is the primary factor to be considered." Id.

In this case, the Debtors' financial circumstances were substantially different on the date of filing than on the date of the hearing. The Debtor argues that the consideration of whether a case should be dismissed for abuse under Section 707(b)(1) and (3) depends on the circumstances at the time of filing. The BA argues that the Court should consider the Debtors' financial circumstances at the time of the hearing.

The Debtors' argument is contrary to the language of Section 707(b)(1), which states that the Court may dismiss the case if "the granting of relief would be an abuse." 11 U.S.C. § 707(b)(1) (emphasis added). Thus, the Code focuses on whether granting a Chapter 7 discharge would be an abuse, not whether the filing of the case was an abuse. Additionally, Section 707(b)(3)(B) provides that the court shall consider whether "the totality of the circumstances . . . of the debtor's financial situation demonstrates abuse." 11 U.S.C. § 707(b)(1). The Code does not limit this analysis to the financial situation at the time of filing, and the Court will not infer such a limitation.

Consistent with the overwhelming weight of authority on this issue, the Court holds that it is proper to consider the Debtors' financial circumstances at the time of the hearing. See, e.g., In re Cardona-Pareira, 2010 WL 500404, at *5 (D.N.J. 2010) ("The debtor's financial condition is to be considered 'at the time of the hearing on the motion to dismiss,' which necessarily includes all post-petition events") (quoting In re Pennington, 348 B.R. 647, 651 (Bankr. D. Del. 2006)); In re

Cascioppo, 2008 WL 8013407, at *6 (Bankr. S.D. Cal. 2008) (holding that § 707(b)(3) "requires that the Court evaluate both a debtor's pre and post petition financial position" and that the most important goal in this inquiry was "to determine whether a debtor's receipt of a discharge under chapter 7 would constitute abuse because the debtor has the ability to make some payment to creditors"); In re Dowleyne, 400 B.R. 840, 846 (Bankr. M.D. Fla. 2008) ("[p]ost-petition pre-discharge events are relevant to a Section 707(b)(3)(B) analysis"). In fact, this Court has previously held that it "must look to [debtors'] future income and expenses, as well as evaluate their financial condition at the time of filing" in analyzing the ability to pay. Crink, 402 B.R. at 173.

The leading case on this issue is In re Pennington, which held that the court "must consider the Debtor's financial condition at the time of the hearing." In re Pennington, 348 B.R. 647, 651 (Bankr. D. Del. 2006). The court reasoned that there was "no indication in the language of the statute or in the legislative history that Congress meant to limit temporally the Court's consideration of the Debtor's financial condition when determining whether to dismiss a case for abuse." Id.

A debtor's ability to pay a meaningful dividend to unsecured creditors in a Chapter 13 case is the primary factor in an analysis under Section 707(b)(3)(B). Crink, 402 B.R. at 173. Given the purpose of this factor, it would be illogical to ignore a debtor's present and future financial circumstances. Under a totality of the circumstances analysis, a court should consider the best and most reliable evidence available regarding whether a debtor can pay a meaningful dividend in a Chapter 13 case. Although the debtor's income and expenses on the petition date may also be helpful in making this prediction, the current income and expenses are often the best indicator of what the debtor will be able to pay going forward.

The Court is unaware of any case, and the Debtors have not cited one, holding that the application of Section 707(b)(3)(B) is limited to the circumstances at the time of filing. The Debtors

concede that if the circumstances at the time of the hearing are to be considered, the Motion should be granted. Even if the Debtors had not made this concession, the Court would have found that, pursuant to the Green factors, the Motion should be granted.

### III.  CONCLUSION

For the reasons stated above, the Court holds that in a totality of the circumstances analysis under Section 707(b)(3)(B), it may consider the debtor's financial situation at the time of the hearing.  The analysis is not limited to a consideration of the financial situation of the debtor at the time of filing.  Therefore, the Motion will be granted.

This memorandum opinion constitutes the Court's findings of fact and conclusions of law. A separate order will be entered contemporaneously herewith pursuant to Fed. R. Bankr. P. 9021.

UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| WILLIAM JONATHAN PENNINGER and | ) | |
| LISA MARIE PENNINGER, | ) | Case No. 10-52061 |
| | ) | |
| | ) | Chapter 7 |
| Debtors. | ) | |
| _____ | ) | |

**PARTIES IN INTEREST**

Robert E. Price, Jr., Esq.

Robert F. McLaughlin, Esq.

Bruce Magers, Trustee

Michael D. West, Bankruptcy Administrator